UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL SIMKUS, | ) |
| | ) |
| Plaintiff, | ) No: 13 CV 4388 |
| | ) |
| vs. | ) |
| | ) |
| UNITED AIRLINES, a wholly owned subsidiary of UAL CORPORATION, | ) |
| | ) |
| Defendant. | ) JURY DEMAND |

FIRST AMENDED COMPLAINT
AS AND FOR A FIRST CAUSE OF ACTION
(DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)

NOW COMES the Plaintiff, **PAUL SIMKUS** ("Plaintiff"), by and through his attorney, MICHAEL T. SMITH & ASSOCIATES, and in complaining of the **UNITED AIRLINES, a wholly owned subsidiary of UAL CORPORATION,** (" Defendant" or "UA"), and states as follows:

NATURE OF ACTION

1. This is an action is brought under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1990, to correct unlawful employment practices on the basis of disability (handicap) and to make the Plaintiff whole. UA discriminated against Plaintiff, a qualified individual with a handicap, because of his disability

JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981(A) . The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

3. That Plaintiff is a male citizen of the United States and the State of Illinois, and at all times relevant to this complaint, was a resident of Cook County, Illinois. Plaintiff became employed by UA in 1983 and his position during the relevant times was a Mechanic.

4. That UA is a corporation organized under the laws of the State of Delaware and is in the business of owning and operating an airline with its principal place of business and headquarters located in Chicago, Illinois.

5. That at all times relevant in this complaint, Plaintiff SIMKUS was an "employee" of UA within the meaning of Title VII and the ADA, and was employed as a Building Maintenance Mechanic at UA's offices located at 1200 East Algonquin Road, Elk Grove Village, Illinois 6007 and an employee of Chicago's O'Hare International Airport Chicago Illinois.

6. UA is an employer as that term is defined under the American Disability Act, at all times material to the allegations herein.

7. Plaintiff has a permanent disability Attention Deficit/Hyperactivity Disorder ("ADHD") in that he has a record of, or is regarded as having a physical impairment that substantially limits one or more of his major life activities but said disability is not related to his ability to perform the essential functions of his assigned duties with UA.

**STATEMENT OF CLAIMS**

8. Despite UA listing itself as an equal employment company and having a policy against discrimination to the disabled, UA intentionally discriminated against Plaintiff by treating him differently than other employees without a handicap by; 1) denying him Long Term Disability benefits; 2) holding him to different terms and conditions of employment and; 3) placing him on a involuntary leave. This discrimination, because of his handicap or disability, violates his rights under both the American Disability Act.

9. UA's acts and omissions to act violate applicable provisions of the American Disability Act as set forth above.

10. The discriminatory action of UA as set forth above had caused Plaintiff to be harmed in that Plaintiff had suffered in his position, his work environment had become impaired and his work performance was impaired. As a further proximate result of UA's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered lost income, emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

11. Plaintiff has no adequate remedy at law to secure relief. If this court does not enter an order for UA to make whole Plaintiff, Plaintiff will be irreparably injured.

12. Plaintiff protested his unlawful treatment and on December 4, 2012, filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission at Chicago (EEOC), Illinois. A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A" and incorporated herein. Efforts by that agency to obtain

voluntary compliance by the UA with American with Disabilities Act have been unsuccessful thereby causing the EEOC to issue a Notice of Right to Sue letter. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and incorporated herein.

13. This action had been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

1. Injunctive relief to protect plaintiff from further discrimination by UA;

2. Damages, including loss of pay and benefits;

3. Statutory liquidated damages due to the UA's willful conduct;

4. Attorneys' fees and costs incurred in this action

5. Such other relief as is just and equitable.

6. The plaintiff requests a jury trial of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### (ADA-RETALIATION)

14. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15. UA did intentionally retaliated against Plaintiff based; 1) upon filing his requests for Long Term Disability benefits and, then; 2) Plaintiff's persistence to acquire Long Term Disability benefits and; 3) his protected activities in prior cases filed in Federal Court against UA docket number 10 CV 05274 and 11 CV 02165, UA's agents created a hostile

4

and offensive work environment, by continuing to deny Long Term Disability benefits to Plaintiff, by denying him a contract resigning bonus of $11,000.00, and placing him on extended leave.

16. By reason of the retaliation of UA, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

17. Further, said action on the part of the UA was done with malice and reckless disregard for Plaintiff's protected rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by UA to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited to relief required to make Plaintiff whole for the losses caused by the violations of UA;

3. For compensatory damages in an amount according to proof;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in the ADA;

5. For such other and further relief as the court deems proper.

## AS AND FOR A THIRD COUNT OF ACTION
## (COMPLAINT FOR INTENTIONAL INFLICTION OF EMOTIONAL)
## (DISTRESS)
## PENDENT JURISDICTION

### Nature of Action

This is an action under the Illinois law, which involves the some of the same factual basis of Plaintiff's discrimination claims of while employed by UA.

1. This comes under the pendent jurisdiction of the Court since it involves the some

5

of same operative facts and parties as set forth in Plaintiff's Discrimination claim.

2. Venue is proper as all acts alleged in this complaint occurred within the Northern District of Illinois and because Defendant transacts affairs in this district and the ends of justice require it.

3. Plaintiff realleges each and every allegation set forth above with the same force and effect as if set forth herein for the first time from Counts I and Count II.

4. This is an action intentional infliction of emotional distress ("IIED") due to the alleged retaliatory conduct intentionally acts committed by the defendant with the intent to interfere, delay, delay process, provide false and intentional misleading of information, and or concealment of information all of which represented a serious adverse employment action because that information was critical to the Plaintiff's claim for long term disability "LTD" benefits after being he had filed it with United Airlines on the employee's website "SkyNet" on December 19, 2011.

WHEREFORE, the Plaintiff, Paul Simkus, prays for judgment in his favor and against UA in the sum in excess of $75,000, for lost wages, attorney fees, and for punitive damages against UA.

PAUL SIMKUS

BY:/s/ Michael T. Smith
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626