IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

Paul Simkus

Plaintiff(s),

v.

United Airlines

Defendant(s).

Case No. 13-cv-04388
Judge Jeffrey T. Gilbert

## ORDER

Status hearing held on 12/18/14. Rule 16 conference set for 2/12/15 at 1:30 p.m. The Court set a number of discovery-related dates memorialized in the Statement below. The parties should note that the Court modified its ruling in open court concerning Plaintiff's stated desire to have his friend attend his deposition. See Statement below for further details.

## STATEMENT

By 1/19/15, Defendant will produce to Plaintiff any additional documents it will be producing to him in response to his formal or informal discovery requests, including without limitation documents previously produced to Plaintiff's prior lawyer, Mr. Smith. By the same date, 1/19/15, Plaintiff shall produce to Defendant any additional documents he will be producing to Defendant in response to its discovery requests.

Within two business days of Plaintiff's production to Defendant of his original documents, Defendant will return to Plaintiff his original documents in the condition in which Plaintiff produced them to Defendant. Plaintiff cannot continue to insist upon being present in Defendant's counsel's copy center while his documents are being copied or being converted to electronic images.

Rather than deal with discovery issues on a piecemeal basis, the Court sets a Rule 16 conference for 2/12/15 at 1:30 p.m. The conference will focus on any outstanding discovery issues and the setting of dates for depositions and the close of fact discovery. The parties shall confer about an agenda for that conference and file a joint agenda of the matters to be discussed at the conference by 2/6/15. If the parties do not agree about all topics to be included in that agenda, the agenda should indicate which topics are agreed and which are not agreed. The agenda should include at a minimum a proposed date for the close of fact discovery, a date for Plaintiff's deposition, and the identities of any other witnesses that either party wishes to depose. The Court anticipates setting a firm date for the close of fact discovery at the Rule 16 conference or shortly thereafter.

Plaintiff informed Defendant and the Court that he would like to have a friend attend his deposition in this case because, among other reasons, he helps Plaintiff remember various

matters relevant to his claims. Prior to 1970, the Federal Rules of Civil Procedure provided that nobody other than the parties and their counsel could be present during a deposition. See generally Wright, Miller & Marcus, Federal Practice and Procedure (3rd Edition, 2010) §1041 at p. 207. There does not appear to be a blanket rule anymore as to who may be present at a deposition. Instead, Rule 26(c)(1)(E) of the Federal Rules of Civil Procedure now provides that a party may move for a protective order in an appropriate circumstance for the purpose of designating the persons who may be present during a deposition. One reason to restrict access to a deposition, for example, may be if a previously entered confidentiality order (see, e.g., ECF 65 in this case) restricts access to confidential information produced by one party or the other to the parties and their counsel in the case. There also may be other reasons to restrict access to a deposition. As Rule 26 states, for good cause, a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).

In addition, Rule 30(c)(1) of the Federal Rules of Civil Procedure provides that examination of a witness at a deposition proceeds as at trial under the Federal Rules of Evidence. "[C]ourts have uniformily held that once a deposition starts, counsel has no right to confer [with his client witness] during the deposition [except to determine if a privilege should be invoked]." LM Insurance Corp. v. ACEO, Inc., 275 F.R.D. 490, 491 (N.D. Ill. 2011), and cases cited therein. If a witness cannot confer with his counsel about questions and answers once the deposition starts, then it stands to reason that he may not confer with a third party for the purpose, for example, of refreshing his recollection. A deposition is intended to record under oath a witness's own personal knowledge without the prodding or help of a third party including the witness's counsel.

Accordingly, to the extent Defendant wants the Court to designate the persons who may be present during Plaintiff's deposition or other depositions in this case, it should confer with Plaintiff concerning his position on those issues and, if necessary, file a motion for a protective order in accordance with Rule 26(c)(1)(E) of the Federal Rules of Civil Procedure before depositions commence in this case. The discussion in this order supersedes the discussion held on the record during the status hearing in which the Court suggested that Defendant provide Plaintiff with the rules or case law governing attendance at a deposition and that Plaintiff file a motion seeking leave to allow his friend to attend his deposition if he wanted to do so. Upon reflection and its own review of Rule 26(c)(1)(E) of the Federal Rules of Civil Procedure, the Court believes that the procedure set forth herein is the appropriate way to proceed on this issue. The Court can then decide on an appropriate record whether and, if so, to what extent to limit the presence of third parties at deposition in this case.

Finally, in response to Plaintiff's prior request for reasonable accommodation, the Court orders that the transcripts of proceedings in this matter be produced at the Court's expense and filed on the CM/ECF system. The Court also orders that Plaintiff shall attend future hearings in person because participating by telephone is less than ideal particularly if transcripts are to be prepared of future status hearings.

It is so ordered.

Date: 12/18/2014

_____
Magistrate Judge Jeffrey T. Gilbert