UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL SIMKUS, | ) |
|     Plaintiff, | ) |
| | ) Case No. 13-cv-4388 |
| v. | ) |
| | ) Honorable Judge Thomas M. Durkin |
| UNITED AIRLINES, | ) |
| | ) Magistrate Judge Jeffrey T. Gilbert |
|     Defendant. | ) |

**DEFENDANT UNITED AIRLINES, INC.'S
MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendant United Airlines, Inc. ("United"), by and through its attorneys, and pursuant to Federal Rules of Civil Procedure 26(c) and this Court's December 18, 2014 Order (ECF No. 69), moves for the entry of a protective order precluding Marty Watters, a friend of Plaintiff Paul Simkus ("Simkus"), from being present at Simkus's deposition. In support of its Motion, United states as follows:

1. The Parties are currently proceeding with discovery regarding Simkus's claims of discrimination and retaliation under the Americans with Disabilities Act ("ADA").

2. During the December 18, 2014 status conference, Simkus advised this Court that he intended to have a friend, Marty Watters, present at his deposition to "keep [him] focused because [he] has a problem with focusing, attention deficit/hyperactivity disorder," and "help[] [him] remember the history" of the case. (*See* Transcript of Dec. 18, 2014 Status Conference, attached here as Exhibit A, at 5, 7.)

3. As discussed on the record at the December 18, 2014 status conference, Watters has accompanied Simkus to defense counsel's office on three occasions to assist Simkus with his document production. During these visits, Watters often answered United's counsel's questions

18798726v.2

directed to Simkus, attempting to speak on Simkus's behalf on matters relating to Simkus's document production obligations and other claims asserted by Simkus in this litigation. United's counsel has also observed Watters advising Simkus on the documents that he believed were responsive to United's discovery requests. Additionally, Simkus indicated that Watters had advised him regarding whether an action constituted "retaliation." (*See* Ex. A. at 5).

4. Watters has indicated to United's counsel that he is not an attorney.

5. Furthermore, on several occasions since December 5, 2014, Watters also sent e-mail correspondence to United's counsel commenting on the merits of this case and other Simkus matters pending against United. Copies of Watters' correspondence to United's attorneys, without accompanying exhibits, are attached here as Group Exhibit B.[1]

6. Simkus has been deposed successfully in one other matter against United without any other persons present on his behalf.

7. On January 14, 2015, counsel for United spoke with Simkus via telephone. Simkus advised the undersigned counsel that he intends to have Watters attend his deposition.

**ARGUMENT**

8. The Federal Rules of Civil Procedure state that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression," including "designating the persons who may be present while the discovery is conducted[.]" FED. R. CIV. P. 26(c)(1)(E). A protective order should be awarded upon the demonstration of "good cause." *Gregg v. Local 305 IBEW*, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009).

9. "Good cause" includes the potential to "interfere with the accuracy" of deposition testimony. *Monroe v. Sisters of St. Francis Health Servs., Inc.*, No. 2:09 cv 411, 2010 WL

---

[1] United has redacted Mr. Watters' January 6, 2015 email correspondence because it contained privileged communications from Simkus to his then-attorneys, Josh McCann and Michael Smith.

18798726v.2

4876743, at *3 (N.D. Ind. Nov. 23, 2010) (granting motion for protective order to exclude supervisors' attendance at plaintiff's deposition "the supervisors' presence will intimidate the plaintiff, *interfere with the accuracy of his testimony*, and negatively affect his health") (emphasis added).

10. As this Court noted in its December 18, 2014 Order, it is also uniformly understood that an attorney has no right to confer with a client during a deposition. *See LM Insur. Corp. v. ACEO, Inc.*, 275 F.R.D. 490, 491 (N.D. Ill. 2011) (noting that "coaching a witness during [a] deposition is equally prohibited").

11. Simkus has no right to deliberate with his non-attorney friend during his deposition regarding the substance of his testimony, particularly where he has already conceded that he intends to rely upon Watters during the deposition for assistance in "remembering" facts relevant to his case.

12. Moreover, Watters' conduct toward United's attorneys suggests that he would not be a mere observer at Simkus's deposition, and that he would interfere with the testimony that United is entitled to obtain from Simkus based solely on Simkus's recollection of events. As noted above, during meetings with United's attorneys regarding document production, Watters has attempted to act as Simkus's agent, answering questions directed at Simkus and generally offering his advice and opinions to Simkus regarding Simkus's discovery obligations. As evident from the documents included in Group Exhibit B, Watters continues to communicate with United's attorneys and other parties to express his personal opinions regarding Simkus's lawsuit.

13. In addition, the Parties have entered into an Agreed Confidentiality Order (ECF No. 65) in this case, whereby they have agreed to keep certain information confidential. Such

information includes, but is not limited to, Simkus's medical information and certain policies and practices at United. Watters is not authorized to be privy to Confidential Material, as set forth in the Confidentiality Order. To the extent Confidential Material is discussed during Simkus's deposition (which United anticipates will be the case), Watters' presence will run afoul of the Parties' Confidentiality Order.

14. Simkus has admitted that he intends to have Watters present at his deposition for to help him "focus" and to help him "remember the history" of his case, which will interfere with the accuracy of Simkus's testimony. Indeed, Watters has inserted himself into discussions with United's counsel regarding Simkus's discovery obligations and United's counsel has observed Watters advising Simkus on his obligations in this lawsuit. United has demonstrated "good cause" to exclude Watters from attending Simkus's deposition.

## CONCLUSION

For these reasons, United respectfully requests that the Court enter an Order precluding Marty Watters from attending Simkus's deposition, and for such further relief as the Court deems just and equitable.

**Date: January 15, 2015**  Respectfully submitted,

**UNITED AIRLINES, INC.**

By: s/Ada W. Dolph
    One of Its Attorneys

Ada Dolph
Sara A. Eber
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000 (phone)
(312) 460-7000 (facsimile)

4

18798726v.2

## CERTIFICATE OF SERVICE

I, Ada W. Dolph, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT UNITED AIRLINES, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record indicated below:

>Paul Simkus
>38 North Belmont Ave.
>Arlington Heights, IL  60004

>>s/Ada W. Dolph
>>Ada W. Dolph

18798726v.2