UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL SIMKUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-cv-4388 |
| v. ) | |
| ) | Honorable Judge Thomas M. Durkin |
| UNITED AIRLINES, ) | |
| ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. ) | |

**DEFENDANT UNITED AIRLINES, INC.'S SUPPLEMENTATION
IN SUPPORT OF ITS MOTION FOR ENTRY OF PROTECTIVE ORDER TO
PRECLUDE MARTY WATTERS FROM ATTENDING PLAINTIFF'S DEPOSITION**

Defendant United Airlines, Inc. ("United"), by and through its attorneys, submits the following supplementation in support of its Motion for Entry of Protective Order (the "Motion") (Dkt. No. 72) seeking to preclude Marty Watters, a friend of Plaintiff Paul Simkus, from being present at Simkus's deposition. In further support of its Motion, United states as follows:

**INTRODUCTION**

1. As set forth in greater detail in United's Motion, Simkus intends to have Watters present at his deposition, to ""keep [him] focused . . . " and "help[] [him] remember the history" of the case. (Motion at ¶ 2, Ex. A.) United objects to Watters's presence at Simkus's deposition for many reasons, including its belief that Watters will be an active participant -- and not a mere observer -- at the deposition.

2. Since filing the Motion, United learned that Watters has held himself out in communications with United's employees as a "Writer-American Thinker website," and has purportedly published articles for the online publication. This past week, Watters sent email communications to United's CEO, General Counsel and CFO, asking questions regarding this

18853206v.2

case on Simkus's behalf. In one communication, Watters attached the Agreed Confidentiality Order entered in this case, mocking the "Agreed" title and indicating that he believed it had been entered without the agreement of Simkus.[1] This new information makes it clear that Mr. Watters should not be permitted to attend Simkus's deposition.

## ADDITIONAL BACKGROUND

3. Since filing the Motion, United has learned that Watters has indicated that he is a writer for the "American Thinker" website. His name is attributed to several articles published on the website. (*See infra*, Exhibit C.) Watters contacted United personnel purportedly in his capacity as a writer, but sought comment on matters related to Simkus's pending litigation.

4. More specifically, on November 15, 2014, Watters sent an e-mail to Christen David, United's Director of Corporate Communications, challenging United's statements in a November 14, 2014 article posted on CNSNews.com. (*See* November 15, 2014 correspondence, attached here as Exhibit C.) The article details Simkus's allegations against United in a matter currently pending before the Department of Labor's Office of Administrative Law Judges (OALJ), OALJ Case No. 2012-SOX-00016. Watters signed his correspondence, "Marty Watters, Writer, American Thinker website." (Exhibit C.)

5. On December 19, 2014, Watters contacted Ms. David again (Subject: "United Airlines disregards OSHA regulations"), copying United Chief Executive Officer, Jeff Smisek. (*See* December 19, 2014 correspondence, Exhibit C.)

6. Most recently, on January 10, 2015, Watters sent an e-mail to Brett Hart, United's Executive Vice President, General Counsel and Secretary, copying Mr. Smisek and Ms.

---

[1] Simkus agreed on the record in the October 15, 2014 hearing to the draft Agreed Confidentiality Order that had been electronically mailed to him, and the Court therefore instructed that United's counsel email it to his court deputy for entry. *See* ECF No. 63.

Christen, noting Simkus's pending lawsuit before the OALJ and asking him to comment. (*See* January 10, 2015 correspondence, Exhibit C.)

7. On January 16, 2015, Watters sent an e-mail to John Rainey, United's Executive Vice President and Chief Financial Officer, copying United's CEO, Mr. Smisek, United's General Counsel, Mr. Hart, and United's outside counsel in this case, Ada Dolph and Sara Eber. (*See* January 16, 2015 correspondence, attached here without attachment as Exhibit D.) In the correspondence, Watters attached a transcript from an October 21, 2014 hearing before the OALJ and forwarded correspondence he previously sent to United's counsel on December 21, 2014. Watters wrote, "Perhaps United Airlines accountants can help Ms. Ada Dolph locate the records she searched 'high and low' for, but could not find." (Exhibit D.)

8. Since filing the Motion, Watters also took additional steps in furtherance of his assumed role as Simkus's non-attorney advocate. On January 17, 2015, Watters sent an e-mail to United's counsel, copying United's General Counsel, Mr. Hart, and CEO, Mr. Smisek, and erroneously suggested that Simkus did not agree to the Agreed Confidentiality Order entered by this Court on October 22, 2014 (Dkt. No. 65), suggesting that it was improperly entered. (*See* January 17, 2015 Correspondence, attached here as Exhibit E.) Because there is an order in the DOL matter precluding Simkus from contacting United employees (due to past improper contacts by Simkus), United's counsel advised Watters that his communications on Simkus's behalf to United employees were improper. (*See* January 18, 2015 Correspondence, attached here as Exhibit F.)[2]

---

[2] United obtained a protective order precluding Simkus from contacting United personnel, including Mr. Smisek, regarding matters related to his ongoing litigation against United. (A true and correct copy of the Supplemental Protective Order is attached here as Exhibit G.) United sought such a protective order after Simkus repeatedly contacted United's CEO and other executives, despite repeatedly being counseled that such conduct was improper given United's representation in this lawsuit. The OALJ transcript Watters

3

**ARGUMENT**

9.     This new information highlights the importance of precluding Watters's attendance at Simkus's deposition. Pretrial discovery, including depositions, are not proceedings open to the public. *See Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record."); *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001) (deposition documents are not presumptively public). "[M]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Hobley v. Chicago Police Commander Burge*, 225 F.R.D. 221, 225 (N.D. Ill. 2004) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, S.Ct. 2199, 81 L.Ed.2d 17 (1984)).

10.     In addition, as previously noted, documents designed "CONFIDENTIAL" under the parties Agreed Confidentiality Order will be examined during the deposition. Watters's presence clearly compromises the agreement that those documents will be kept confidential; nor is United willing to rely upon any written or verbal assurances by Simkus or Watters that such matters will be kept confidential.

11.     United strongly opposes having Watters present at any deposition in this case. As noted in United's Motion, Simkus has no right to have a non-attorney "friend" present at his deposition. (Motion at ¶ 11.) He certainly has no right to have a person present at his deposition who would likely compromise Confidential information and publicly make misrepresentations

---

attached to his January 16, 2015 correspondence (Exhibit D) discussed this prohibition. As Simkus's agent, this prohibition applies to Watters as well.

4

regarding the integrity of this judicial process. *See Baxter Intern., Inc.*, 297 F.3d at 545; *Hobley*, 225 F.R.D. at 225.

12. Watters's recent correspondence to United's counsel also supports United's belief that he will not be a silent observer at Simkus's deposition. (*See* Exhibit E.) By challenging the basis of the Agreed Protective Order entered in this case, Watters is again purporting to operate as Simkus's agent -- much like he did in counseling Simkus about his discovery obligations during meetings with United's attorneys. (*See* Motion at ¶¶ 12, 14.) Watters's presence at Simkus's deposition will surely be disruptive and interfere with the testimony United is entitled to obtain.

## CONCLUSION

For these reasons, and those set forth in United's Motion, United respectfully requests that the Court enter an Order precluding Marty Watters from attending Simkus's deposition, and for such further relief as the Court deems just and equitable.

**Date: January 22, 2015**                         Respectfully submitted,

**UNITED AIRLINES, INC.**


By:  s/Ada W. Dolph
         One of Its Attorneys

Ada Dolph
Sara A. Eber
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000 (phone)
(312) 460-7000 (facsimile)

5

18853206v.2

## **CERTIFICATE OF SERVICE**

  I, Ada W. Dolph, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT UNITED AIRLINES, INC.'S SUPPLEMENTATION IN SUPPORT OF ITS MOTION FOR ENTRY OF PROTECTIVE ORDER to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record indicated below:

    Paul Simkus
    38 North Belmont Ave.
    Arlington Heights, IL  60004

          s/Ada W. Dolph
          Ada W. Dolph

18853206v.2