UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL SIMKUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-cv-4388 |
| v. ) | |
| ) | Honorable Judge Thomas M. Durkin |
| UNITED AIRLINES, ) | |
| ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. ) | |

**DEFENDANT UNITED AIRLINES, INC.'S MOTION FOR
PROTECTIVE ORDER TO PRECLUDE PLAINTIFF AND HIS
AGENTS FROM CONTACTING UNITED MANAGERIAL EMPLOYEES**

Defendant United Airlines, Inc. ("United"), by and through its attorneys, and pursuant to Federal Rules of Civil Procedure 26(c), moves for the entry of a protective order precluding Plaintiff Paul Simkus ("Simkus") or any agent acting on his behalf from contacting any United managerial employee regarding this matter. In support of its Motion, United states as follows:

**INTRODUCTION**

1. As has been detailed in United's prior filings in this matter (*see* ECF No. 75), Simkus and his non-attorney friend Marty Watters, have a history of improper contact with United executives. (*See, e.g.,* United's Supplementation in Support of its Motion for Entry of Protective Order to Preclude Marty Watters from Attending Plaintiff's Deposition (the "Supplementation"), ECF No. 75.)

2. Simkus and Watters both know well that United has been, at all times, represented in this matter by Seyfarth Shaw LLP. Accordingly, any correspondence by Simkus or his agents to United relating to this matter should be directed through United's counsel.

18859932v.2

3. Because of Plaintiff's history of improper contacts in another proceeding before the Department of Labor's Office of Administrative Law Judges ("OALJ"), that judge entered a protective order restraining Simkus from improper contacts with United managerial employees.

4. The undersigned counsel has also repeatedly advised Simkus to direct all communications pertaining to this litigation to counsel, and Simkus continues to disregard those instructions by enlisting his friend Marty Watters to make inquiries on Simkus's behalf.

5. Given Simkus's failure to adhere to counsel's admonishments, United requests that this Court enter a protective order precluding Simkus, or any agents acting on his behalf, from contacting United's managerial employees regarding matters pertaining to this litigation.

## BACKGROUND

6. Beginning in or around June 26, 2014, Simkus began copying United's managerial employees on correspondence to United's counsel relating to another pending case, currently before the OALJ. In some instances, he sent communications directly to United executives, including its CEO, Mr. Jeff Smisek. A summary of Simkus's correspondence to United is set forth in United's Motion for Protective Order before the OALJ, attached here as Exhibit 1.

7. Simkus continued these improper contacts for a period of two months, even after being warned by United counsel that they were improper, until United obtained a protective order in the OALJ case. (A true and correct copy of the OALJ's Supplemental Protective Order is attached here as Exhibit 2.)

8. As the Court is aware, Simkus recently began bringing a friend, Marty Watters, to the offices of United's outside counsel to assist him with his discovery obligations in this case and provide him with advice regarding his legal claims. (*See* Motion for Entry of Protective Order, ECF No. 72.) Mr. Watters is not an attorney. (*See id.*).

9. It recently came to United's attention that Watters has also been contacting United's management employees. (*See* Supplementation, ECF No. 75.) Specifically, Watters sent correspondence to United's management on November 15, 2014, December 19, 2014, January 10, 2015, January 16, 2015, January 17, 2015 and January 25, 2015. (*See id.* at Exhibits C - E.)

10. Notably, in some of his most recent correspondence, Watters assumed the role of Simkus's non-attorney advocate and incorrectly stated that Simkus did not consent to the Agreed Confidentiality Order entered by this Court on October 22, 2014 (ECF No. 65).[1] (*See* January 17, 2015 Correspondence, attached here as Exhibit 3.) In doing so, he copied United's General Counsel and CEO. (*Id.*)

11. When advised by the undersigned counsel that his communications to United were improper in light of an existing Court order, Watters responded that he was not aware of any court order precluding his conduct, again copying United's General Counsel, CEO, and Director of Corporate Communications. (*See* January 18, 2015 Correspondence, attached here as Exhibit 4.)

12. After United filed its supplementation to its Motion for Protective Order seeking to bar Watters from attending Plaintiff's deposition, Watters attached that filing to an email that he sent to United's Director of Corporate Communications, Christen David, copying: Paul Simkus, United's counsel, and United's CEO and General Counsel. (*See* January 25, 2015 Correspondence, attached here as Exhibit 5).

---

[1] As stated in United's Supplementation to its Motion for Protective Order (ECF No. 75), Simkus agreed on the record in the October 15, 2014 hearing to the draft Agreed Confidentiality Order that had been electronically mailed to him, and the Court therefore instructed that United's counsel email it to his court deputy for entry. *See* ECF No. 63.

**ARGUMENT**

13. The Federal Rules of Civil Procedure state that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression." FED. R. CIV. P. 26(c)(1). A protective order should be awarded upon the demonstration of "good cause." *Gregg v. Local 305 IBEW*, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009).

14. Illinois Rule of Professional Conduct 4.2 prohibits lawyers from communicating with a person known to be represented in litigation without consent of the person's lawyer. *See* Ill. R. Prof. Conduct 4.2. Even though Rule 4.2 is a rule of professional conduct for attorneys, courts have interpreted this rule to apply to *pro se* litigants as well. *See Bisciglia v. Lee*, 370 F. Supp. 2d 874, 879 (D. Minn. 2005) (prohibiting *pro se* plaintiffs from contacting defendants directly, noting "[A]lthough they are *pro se* litigants, Plaintiffs must abide by the Minnesota Rules of Professional Conduct, which prohibit a lawyer from communicating with a party known to be represented by another lawyer") (citing Minn. R. Prof. Conduct 4.2); *Gaines-Hanna v. Farmington Pub. Sch. Dist.*, 04-CV-74910-DT, 2006 WL 891434, at *1 (E.D. Mich. Mar. 31, 2006) ("Although plaintiff, as a non-attorney, is not technically bound by the Rules of Professional Conduct, in her capacity as a *pro se* plaintiff she is nevertheless required to refrain from directly contacting the named defendants in accordance with Rule 4.2.")

15. Simkus and his agents (specifically, Watters) are well aware that United is represented in this litigation by Seyfarth Shaw LLP. Simkus's and Watters' correspondence to United's executive management seeking information and representations regarding matters at issue in this case, despite knowing United is represented by counsel, violate Illinois Rule of Professional Conduct 4.2. *See* Ill. R. Prof. Conduct 4.2; *Bisciglia*, 370 F. Supp. 2d at 879; *Gaines-Hanna*, 2006 WL 891434, at *1.

18859932v.2

16. It is well accepted that Simkus cannot avoid complying with court rules or directives merely by engaging someone else to act on his behalf. *See Universitas Educ., LLC v. Nova Group, Inc.*, 11 CIV. 1590 LTS HBP, 2013 WL 3487350, at *7 (S.D.N.Y. July 12, 2013) (court may extend its power over non-parties who have notice of its orders and the responsibility to comply with such orders). *See also Natl. Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. Natl. Spiritual Assembly of Baha'is of U.S., Inc.*, 628 F.3d 837, 848 (7th Cir. 2010) (in the context of injunctions, noting that courts may bind anyone aiding and abetting a party in attempts to subvert a court order). Just as a corporation could not escape compliance with this Court's directives by engaging the use of its employees, Simkus cannot participate in improper conduct through use of his friends. *See Universitas Educ., LLC*, 2013 WL 3487350, at *7-8. This Court has authority to bind Simkus, and any agent acting on his behalf or at his behest, in matters relating to this litigation.

17. The confer requirements of Local Rule 37.2 have been satisfied before this motion was filed. Simkus is aware of the Court order in one of his other matters against United precluding contacts with United managerial employees, and is also aware of Watters' communications with United. Watters has continued his improper contacts with United employees on Simkus's behalf, despite being informed by United's counsel that an existing court order precluded such contacts. United's counsel also sent Simkus an email on January 26, 2015 indicating United's intent to move for a protective order in this proceeding to preclude him and his agents from contacting United's managerial employees.

18. Quite plainly, matters pertaining to the substantive allegations in this case or the procedural aspects of the litigation should be directed solely to counsel whose appearances are

18859932v.2

on file. There is no permissible basis to allow Simkus or his agents to communicate directly with United's management on matters relating to this lawsuit.

19. It has become clear that Simkus and his agents will not cease improper communications with United's managerial employees on the request of United's counsel. As such, United requests that this Court enter an Order directing Simkus and any agent acting on his behalf to cease all communications regarding this matter with United's managerial employees, including, but not limited to, John Rainey, Brett Hart, and Christen David, Jeff Smisek and Robert Hetherington.

20. Because Simkus has violated an existing court order precluding such improper contacts, United further requests that the protective order entered by the Court specify that if Simkus violates its order, it may award sanctions against him, including monetary sanctions and up to and including dismissal of this action.

18859932v.2

WHEREFORE, United respectfully requests that the Court enter an Order: (1) precluding Plaintiff Paul Simkus and any agents acting on his behalf from communicating with United managerial employees, including but not limited to, Jeff Smisek, John Rainey, Brett Hart, and Christen David; (2) specifying that any violations of the Order may result in sanctions, including monetary sanctions and/or dismissal; and (3) for such further relief as the Court deems just and equitable.

**Date: January 29, 2015**　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**UNITED AIRLINES, INC.**

　　　　　　　　　　　　　　　　　　　　　　By:  s/Ada W. Dolph
　　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Ada Dolph
Sara A. Eber
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000 (phone)
(312) 460-7000 (facsimile)

18859932v.2

## **CERTIFICATE OF SERVICE**

I, Ada W. Dolph, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT UNITED AIRLINES, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER TO PRECLUDE PLAINTIFF AND HIS AGENTS FROM CONTACTING UNITED MANAGERIAL EMPLOYEES to be electronically filed with the Clerk of the Court using the CM/ECF system on the 29th day of January, 2015, which will send notification of such filing to all counsel and parties of record indicated below:

> Paul Simkus
> 38 North Belmont Ave.
> Arlington Heights, IL  60004

> s/Ada W. Dolph
> Ada W. Dolph

18859932v.2