IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Paul Simkus,

Plaintiff(s),

v.

United Airlines,

Defendant(s).

Case No. 13-cv-04388
Judge Jeffrey T. Gilbert

## ORDER

Defendant's Motion for Protective Order [ECF 72] is granted. Non-party Marty Watters is not permitted to attend Plaintiff's deposition. See Statement below for further details.

## STATEMENT

During the 12/18/14 status conference before this Court, Plaintiff Paul Simkus advised Defendant United Airlines and the Court that he intended to have a friend, Marty Watters, present at his deposition to "keep [him] focused because [he] has a problem with focusing, attention deficit/hyperactivity disorder," and "help[] [him] remember the history" of the case. See [ECF 72-1] Exhibit A, at 5, 7. As a result, Defendant filed a Motion for Protective Order [ECF 72] and Supplementation in Support of its Motion for Entry of Protective Order [ECF 75], seeking to preclude Mr. Watters from being present at Plaintiff's deposition. In an Order dated 1/16/15 [ECF 74], Plaintiff was given an opportunity to file a response to Defendant's Motion by 2/9/15. No response was filed.

The Federal Rules of Civil Procedure state that the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression," including "designating the persons who may be present while the discovery is conducted[.]" FED. R. CIV. P.26(c)(1)(E). A protective order should be awarded upon the demonstration of "good cause." Gregg v. Local 305 IBEW, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009). "Good cause" includes the potential to "interfere with the accuracy" of deposition testimony. Monroe v. Sisters of St. Francis Health Servs., Inc., 2010 WL 4876743, at *3 (N.D. Ind. Nov. 23, 2010) (granting a motion for protective order to exclude supervisors' attendance at plaintiff's deposition because "the supervisors' presence will intimidate the plaintiff, interfere with the accuracy of his testimony, and negatively affect his health").

The Court finds that good cause exists here to enter a protective order precluding Mr. Watters from being present at Plaintiff's deposition. As this Court noted in its 12/18/14 Order [ECF 69], Rule 30(c)(1) of the Federal Rules of Civil Procedure provides that examination of a witness at a deposition proceeds as at trial under the Federal Rules of Evidence. "[C]ourts have uniformly held that once a deposition starts, counsel has no right to confer [with his client witness] during

the deposition [except to determine if a privilege should be invoked]." LM Insurance Corp. v. ACEO, Inc., 275 F.R.D. 490, 491 (N.D. Ill. 2011), and cases cited therein. If a witness cannot confer with his counsel about questions and answers once the deposition starts, then it stands to reason that the deponent may not confer with a third party for the purpose, for example, of refreshing his recollection. A deposition is intended to record under oath a witness's own personal knowledge without the prodding or help of a third party including the witness's counsel. The record also reveals that Mr. Watters likely would not be a mere observer at Plaintiff's deposition. Based on previous interactions among Plaintiff, Mr. Watters and counsel for Defendant, Mr. Watters has interposed or inserted himself in oral and written communications between Plaintiff and Defendant and likely would interfere with the testimony that Defendant is entitled to obtain from Plaintiff based solely on Plaintiff's recollection of events.

For all of these reasons, Defendant's Motion for Protective Order is granted [72], and Marty Watters is not permitted to attend Plaintiff's deposition.

It is so ordered.

Date: 2/24/2015

Magistrate Judge Jeffrey T. Gilbert