# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Simkus,<br><br>Plaintiff(s),<br><br>v.<br><br>United Airlines,<br><br>Defendant(s). | Case No. 13-cv-04388<br>Judge Jeffrey T. Gilbert |

## ORDER

Defendant's Motion for Protective Order to Preclude Plaintiff and His Agents from Contacting United Managerial Employees [ECF 76] is granted. Plaintiff and his agents are not permitted to contact any of Defendant's managerial employees about this case other than through Defendant's counsel. See Statement for further details.

## STATEMENT

This matter is before the Court on Defendant's Motion for Protective Order to Preclude Plaintiff and His Agents from Contacting United Managerial Employees [ECF 76]. Plaintiff was given an opportunity to file a response to Defendant's Motion. No response was filed. Therefore, Plaintiff has waived any objection to the motion. See Lekas v. Briley, 405 F.3d 602, 614-15 (7th Cir. 2005) (a plaintiff waives an argument by failing to raise it in response to a motion to dismiss).

The Federal Rules of Civil Procedure state that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression." FED. R. CIV. P. 26(c)(1). A protective order should be awarded upon the demonstration of "good cause." Gregg v. Local 305 IBEW, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009). The Court finds that good cause exists here to enter a protective order precluding Plaintiff and his agents from contacting any of Defendant's managerial employees regarding this litigation. All communication in this case must go through Defendant's counsel.

As a general principle, this Court finds that a former employee suing his former employer pro se should not communicate with that party about the litigation other than through counsel. Illinois Rule of Professional Conduct 4.2 prohibits lawyers from communicating with a person known to be represented in litigation without consent of the person's lawyer. See Ill. R. Prof. Conduct 4.2. Even though Rule 4.2 is a rule of professional conduct for attorneys, courts have interpreted this rule to apply to pro se litigants as well. See Bisciglia v. Lee, 370 F. Supp. 2d 874, 879 (D. Minn. 2005) (prohibiting pro se plaintiffs from contacting defendants directly, noting that "although they are pro se litigants, Plaintiffs must abide by the Minnesota Rules of Professional Conduct, which prohibit a lawyer from communicating with a party known to be represented by another lawyer") (citing Minn. R. Prof. Conduct 4.2); Gaines-Hanna v. Farmington Pub. Sch. Dist., 04-

CV-74910-DT, 2006 WL 891434, at *1 (E.D. Mich. Mar. 31, 2006) ("Although plaintiff, as a non-attorney, is not technically bound by the Rules of Professional Conduct, in her capacity as a pro se plaintiff she is nevertheless required to refrain from directly contacting the named defendants in accordance with Rule 4.2.").

Accordingly, Defendant's Motion for Protective Order to Preclude Plaintiff and His Agents from Contacting United Managerial Employees [ECF 76] is granted. If Plaintiff and/or his agents continue to contact Defendant directly, this Court will consider any motions brought by Defendant for Sanctions for violation of this Order.

It is so ordered.

Date: 3/4/2015

_____
Magistrate Judge Jeffrey T. Gilbert